UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GEORGE BURNS,

                    Plaintiff,

       -against-

COUNTY OF WESTCHESTER,

                    Defendant.

23-CV-9880 (LTS)

ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915(g)

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff, who is currently incarcerated at Westchester County Jail, brings this action *pro se*. He has not prepaid the filing fees. Plaintiff is barred, however, from filing any new action *in forma pauperis* ("IFP") while he is a prisoner. *See Burns v. Schell*, ECF 1:20-CV-5582, 7 (S.D.N.Y. Oct. 28, 2020). That order relied on the "three-strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), which provides:

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

        Plaintiff's complaint does not show that he is in imminent danger of serious physical injury.[1] Instead, Plaintiff challenges the manner in which defense attorneys are assigned in criminal proceedings pending in Westchester County. This allegation does not suggest that Plaintiff is in imminent danger of serious physical injury. Plaintiff is therefore barred from filing this action IFP.[2]

---

[1] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

[2] Plaintiff may commence a new action by paying the filing fees. If Plaintiff does so, that

## CONCLUSION

The Court denies Plaintiff's request to proceed IFP, and the complaint is dismissed without prejudice under the PLRA's "three-strikes" rule. *See* 28 U.S.C. § 1915(g). Plaintiff remains disqualified from filing any future action IFP while he is a prisoner unless he is under imminent threat of serious physical injury.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this matter.

Dated:   November 13, 2023
         New York, New York

                                         /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                       Chief United States District Judge

---

complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).